# IN THE SUPREME COURT OF IOWA

No. 22–0468

Submitted January 19, 2023—Filed February 24, 2023

**CITY OF AMES,**

    Appellant,

vs.

**IOWA PUBLIC EMPLOYMENT RELATIONS BOARD,**

    Appellee,

and

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 234,**

    Intervenor-Appellee

and

AFSCME Iowa Council 61,

    Intervenor.

---

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A city appeals the district court judgment affirming an agency ruling on the bargaining rights of nontransit employees. **REVERSED AND REMANDED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Jason M. Craig (argued) and Aaron J. Hilligas of Ahlers & Cooney, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and David Ranscht (argued) and Benjamin J. Flickinger (until withdrawal), Assistant Attorneys General, and Diana S. Machir (until withdrawal), Iowa Public Employment Relations Board, Des Moines, for appellee.

Jay M. Smith (argued) of Smith & McElwain Law Office, Sioux City, for intervenor-appellee International Union of Operating Engineers, Local 234.

**WATERMAN, Justice.**

In this appeal, we must decide whether statutes that protect the pre-2017 collective bargaining rights of public transit employees extend to nontransit employees in the same bargaining unit. Federal funding is conditioned upon labor protections for transit workers. The Iowa legislature amended Iowa Code chapter 20 in 2017 to restrict the bargaining rights of public employees generally. Two provisions, Iowa Code section 20.27 and section 20.32 (2018), have been enacted to help avoid loss of federal transit funding. The City of Ames sought guidance whether section 20.32 requires broader bargaining rights for nontransit employees in the same bargaining unit, as urged by the union representing the city employees. The parties agree the City will provide its transit employees with the bargaining rights they enjoyed before the 2017 amendments by operation of Iowa Code section 20.27. The Iowa Public Employee Relations Board (PERB) ruled that broader bargaining rights must be extended under section 20.32 to the nontransit employees in a bargaining unit consisting of at least thirty percent transit employees. The district court affirmed that determination. We retained the City's appeal.

On our review, we hold that PERB and the district court misinterpreted Iowa Code section 20.32 by extending broader bargaining rights to nontransit employees. In our view, the plain meaning of section 20.32 protects only transit employees, not nontransit employees in the same bargaining unit. The parties can accommodate intraunit differences in bargaining rights. We reverse the

conflicting interpretation by the district court and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

The City of Ames provides public transportation through "CyRide" bus services operated by city transit employees. The City's transit employees are represented by the International Union of Operating Engineers (IUOE). Their bargaining unit is mixed, including both transit and nontransit employees. Transit employees make up over thirty percent of the bargaining unit. The City receives federal funding for its public transportation.

The federal funding comes with strings attached. Congress enacted the Urban Mass Transportation Act of 1964 (UMTA) to "provide funding to support public transportation" and to "promote the development of the public transportation workforce." 49 U.S.C. § 5301(b)(1), (8). Congress "was aware of the increasingly precarious financial condition of a number of private transportation companies across the country, and it feared that communities might be left without adequate mass transportation." *Jackson Transit Auth. v. Loc. Div. 1285, Amalgamated Transit Union*, 457 U.S. 15, 17 (1982). "At the same time, however, Congress was aware that public ownership might threaten existing collective-bargaining rights of unionized transit workers employed by private companies" that are acquired by local governments in states that forbade collective bargaining by government employees. *Id.* "To prevent federal funds from being used to destroy the collective-bargaining rights of organized workers, Congress included § 13(c) in the Act." *Id.*

Section 13(c) of the UMTA requires recipients of federal transit funds to protect the collective bargaining rights of public transit employees. 49 U.S.C. § 5333(b). Termed "section 13(c) agreements," public employers must certify they provide their transit employees certain minimum rights. Failure to meet the minimum standards can result in the loss of federal funds.

At the state level, the Iowa Public Employee Relations Act (PERA), enacted in 1974 and codified in chapter 20, originally guaranteed a broad range of collective bargaining subjects for public employees. *See* 1974 Iowa Acts ch. 1095 (codified at Iowa Code ch. 20 (1975)). But in 2017, the General Assembly enacted House File 291, which amended PERA to restrict the collective bargaining rights of public employees generally. 2017 Iowa Acts ch. 2, §§ 1–18 (codified in scattered sections of Iowa Code ch. 20 (2018)). "The amendments ended payroll deductions for union dues and narrowed the scope of mandatory collective bargaining topics for bargaining units comprised of less than thirty percent 'public safety employees.' "[1] *AFSCME Iowa Council 61 v. State,* 928 N.W.2d 21,

---

[1]Section 20.3(11) defines "Public safety employee" as follows:

> *a.* A sheriff's regular deputy.

> *b.* A marshal or police officer of a city, township, or special-purpose district or authority who is a member of a paid police department.

> *c.* A member, except a non-peace officer member, of the division of state patrol, narcotics enforcement, state fire marshal, or criminal investigation, including but not limited to a gaming enforcement officer, who has been duly appointed by the department of public safety in accordance with section 80.15.

> *d.* A conservation officer or park ranger as authorized by section 456A.13.

> *e.* A permanent or full-time fire fighter of a city, township, or special-purpose district or authority who is a member of a paid fire department.

> *f.* A peace officer designated by the department of transportation under section 321.477 who is subject to mandated law enforcement training.

26 (Iowa 2019). Even for units with more than thirty percent public safety employees, the 2017 amendments eliminated payroll deductions for dues and imposed a retention and recertification election to be held one year before the expiration of the collective bargaining agreement. *See* 2017 Iowa Acts ch. 2, §§ 9 (codified at Iowa Code § 20.15(2)(*a*) (2018)), 22 (codified at Iowa Code § 70A.19 (2018)). The United States Department of Labor (DOL) relied on those provisions to determine that extending the rights of public safety employees to transit workers was insufficient to preserve federal transit funding.

Even after the 2017 amendments, when a bargaining unit is comprised of at least thirty percent public safety employees, its employees still have the right to bargain with the public employer on a wide range of matters:

> wages, hours, vacations, insurance, holidays, leaves of absence, shift differentials, overtime compensation, supplemental pay, seniority, transfer procedures, job classifications, health and safety matters, evaluation procedures, procedures for staff reduction, in-service training, grievance procedures for resolving any questions arising under the agreement, and other matters mutually agreed upon.

Iowa Code § 20.9(1). When a bargaining unit is comprised of less than thirty percent public safety employees, however, the unit has a much narrower scope of collective bargaining rights. Employees in these bargaining units have the right to bargain only as to "base wages and other matters mutually agreed upon."[2] *Id.*

---

Iowa Code § 20.3(11).

[2]We upheld the constitutionality of the 2017 amendments and rejected claims challenging the greater restrictions on the bargaining rights of public employees in bargaining units comprised of less than thirty percent public safety employees. *See AFSCME Iowa Council 61*, 928 N.W.2d at 31, 39–40 (upholding the two-class bargaining scheme under rational basis review);

The City, as a recipient of federal transit funds, is subject to both federal law and Iowa law, including the amendments of House File 291. The DOL notified the City that narrowing the bargaining rights of its transit employees could jeopardize its receipt of federal funds.

The General Assembly had anticipated this issue when it enacted PERA. It provided at that time that Iowa law would be considered inoperative to the extent it jeopardizes the receipt of federal funds. *See* 1974 Iowa Acts ch. 1095, § 28 (codified at Iowa Code § 20.27 (1975)). The City agreed to use this escape hatch provided by section 20.27; the 2017 amendments would be inoperative and its transit employees would have the full bargaining rights they enjoyed before the 2017 amendments. *See* Iowa Code § 20.27 ("If any provision of this chapter jeopardizes the receipt by the state or any of its political subdivisions of any federal grant-in-aid funds or other federal allotment of money, the provisions of this chapter shall, insofar as the fund is jeopardized, be deemed to be inoperative."). This satisfied the DOL, which certified the City's continued receipt of federal transit funding based on the City's reliance on section 20.27.

The City and the IUOE disagreed, however, whether Iowa Code section 20.32 provides broader bargaining rights for nontransit employees in the same bargaining unit. Section 20.32 is triggered if the director of the Iowa Department of Transportation (IDOT) determines, "upon written confirmation from the [DOL]" that a public employer would otherwise "lose federal funding."

---

*see also Iowa State Educ. Ass'n v. State*, 928 N.W.2d 11, 18–19 (Iowa 2019) (upholding the payroll deduction prohibition against an equal protection challenge).

*See* Iowa Code § 20.32. The director of the IDOT, Mark Lowe, determined that section 20.32 was inapplicable because the DOL provided no such written confirmation and the City had secured federal funding through section 20.27.

The City petitioned PERB for a declaratory order clarifying whether section 20.32 extends broader bargaining rights to nontransit employees in the same bargaining unit. PERB determined that section 20.32 required the City to provide nontransit workers with the same bargaining rights as public safety employees when the bargaining unit consists of at least thirty percent transit employees.

The City filed a petition for judicial review. *See* Iowa Code § 17A.19(10)(*c*). It argued PERB erred in concluding Iowa Code section 20.32 applies to nontransit employees. The district court denied the City's petition, concluding PERB correctly determined the substantive bargaining rights and interpreted chapter 20 in a reasonable manner. The City appealed; we retained the case.

**II. Standard of Review.**

This appeal turns on the interpretation of Iowa Code section 20.32. We review interpretations of Iowa Code chapter 20 for correction of errors at law without deference to PERB's interpretation. *See United Elec., Radio & Mach. Workers of Am. v. Iowa Pub. Emp. Rels. Bd.*, 928 N.W.2d 101, 108 (Iowa 2019) (noting the 2017 amendments to chapter 20 removed PERB's interpretive authority).

**III. Analysis.**

The fighting issue is whether statutory protections for the bargaining rights of transit workers to secure federal transit funding also extend to nontransit workers in the same bargaining unit. PERB, affirmed by the district court, interpreted Iowa Code section 20.32 to provide broader bargaining rights for nontransit employees in a bargaining unit with at least thirty percent transit employees. The IUOE argues that interpretation is correct. As noted, PERB's interpretation is owed no deference. *United Elec., Radio & Mach. Workers of Am.*, 928 N.W.2d at 108. The City argues section 20.32 does not broaden the bargaining rights of nontransit employees. We agree with the City based on the plain meaning of section 20.32.

We begin with the statutory text. *Borst Bros. Constr. v. Fin. of Am. Com., LLC*, 975 N.W.2d 690, 699 (Iowa 2022). Iowa Code section 20.27 provides:

> If any provision of this chapter jeopardizes the receipt by the state or any of its political subdivisions of any federal grant-in-aid funds or other federal allotment of money, the provisions of this chapter shall, insofar as the fund is jeopardized, be deemed to be inoperative.

As noted, the City has secured its federal transit funding by relying on section 20.27 to maintain the same collective bargaining rights for its transit employees as they enjoyed before the 2017 amendments. This effectuates the legislative goal of avoiding a loss of federal funding and satisfies the congressional goal of protecting the bargaining rights of public transit workers.

But the parties' dispute did not end there. PERB went on to extend broader bargaining rights to the City's nontransit employees pursuant to section 20.32, which provides:

> All provisions of this chapter applicable to employees described in section 20.3, subsection 11 [public safety employees], shall be applicable on the same terms and to the same degree *to any transit employee* if it is determined by the director of the department of transportation, upon written confirmation from the United States department of labor, that a public employer would lose federal funding under 49 U.S.C. §5333(b) if the *transit employee* is not covered under certain collective bargaining rights.

*Id.* § 20.32 (emphasis added). In our view, section 20.32 protects only "transit employees," not nontransit employees. PERB's contrary interpretation is simply wrong, and we must reverse the district court ruling on that interpretation. A bus driver is a transit employee covered under 49 U.S.C. § 5333(b). Custodians, meter readers, and plumbing inspectors are not.

We conclude the text of section 20.32 is unambiguous, and we need not resort to any tools or canons of statutory construction. *See State v. Zacarias*, 958 N.W.2d 573, 581 (Iowa 2021). The title of section 20.32 is "Transit employees — applicability." We take our cue to apply the text that follows to transit employees. The text itself confirms this: the key phrase, repeated twice, is to any "transit employee." Iowa Code § 20.32. Conspicuously lacking are any extenders or modifiers of "bargaining unit" or similar language that would suggest a mixed group of occupations. Moreover, the text references 49 U.S.C. § 5333(b), which guarantees the minimum bargaining rights of transit employees under federal law. The scope of section 20.32 is limited to determining the substantive bargaining rights of *transit* employees.

PERB and the IUOE took a tortuous path to extend section 20.32 to nontransit employees. They noted the statute extends the rights of public safety workers (as defined in section 20.3(11)) to transit employees as necessary to avoid the loss of federal transit funding. Next, they jumped to section 20.9, which provides broader bargaining rights to all employees in a bargaining unit comprised of at least thirty percent *public safety employees*. The legislature, however, did not cross-reference section 20.9 in section 20.32. And PERB's interpretation of section 20.32 fails to broaden the bargaining rights of any transit employees in a bargaining unit lacking thirty percent transit employees.

Extending broader bargaining rights to nontransit employees has nothing to do with the purpose of section 20.32: protection of federal funding. Yet that extension of broader bargaining rights to nontransit employees would be flatly at odds with the thrust of the 2017 amendments that restricted the bargaining rights of most public employees. *See AFSCME Iowa Council 61*, 928 N.W.2d at 28–30 (reviewing restrictions on collective bargaining rights imposed by the 2017 amendments).[3]

PERB's interpretation is not supported by reading the related provisions together. The City's bargaining unit at issue represented by the IUOE has thirty percent transit employees, not thirty percent *public safety employees*. PERB's interpretation would effectively rewrite section 20.9 to read "thirty percent of

---

[3]We upheld the constitutionality of those restrictions under rational basis review and rejected equal protection challenges to the thirty percent public safety employee threshold. *AFSCME Iowa Council 61*, 928 N.W.2d at 39–40. Nothing in that opinion extends broader bargaining rights to nontransit workers in a unit lacking thirty percent public safety employees.

members who are public safety employees *or transit employees*." It is not our role to rewrite legislation. The legislature simply did not extend broader bargaining rights to all employees in bargaining units with thirty percent transit employees. Rather, it expressly limited the benefits of section 20.32 to transit employees.

We are not persuaded that our interpretation leads to practical problems administering varying bargaining rights within the same unit. The parties acknowledge that some intraunit bargaining disparity is unavoidable. Indeed, under PERB's interpretation, transit employees would still be exempted from the recertification election and dues checkoff provisions by operation of section 20.27, even though those provisions apply to public safety employees. Nor are we convinced that section 20.32 is impermissibly rendered superfluous when, as here, it is bypassed in favor of section 20.27 because the DOL determined the rights of public safety employees are insufficient to preserve federal funding. *See State v. Thompson*, 954 N.W.2d 402, 417–18 (Iowa 2021) (concluding "belt-and-suspenders" canon trumped surplusage canon).

Plain language prevails. Transit workers are not nontransit workers, whether section 20.32 is read in isolation or together with related provisions. We hold that the City is not required to provide broader bargaining rights to nontransit employees, regardless of whether the bargaining unit has thirty percent transit employees.

**IV. Disposition.**

For the foregoing reasons, we reverse the district court's decision affirming PERB's erroneous interpretation of Iowa Code section 20.32. We remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**